UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DERRICK ESTES                                          CIVIL ACTION

VERSUS                                                 NO. 14-1246

NELSON COLEMAN CORRECTIONAL                            SECTION "A"(2)
CENTER, ST. CHARLES PARISH


FINDINGS AND RECOMMENDATION

Plaintiff Derrick Estes filed a "Motion for Heabes (sic) Corpus," which in fact is
a suit pursuant to 42 U.S.C. § 1983, alleging that he is being denied participation in self-
help programs and incentive pay because he is not incarcerated in a Louisiana
Department of Corrections ("DOC") facility.  Estes seeks transfer to a DOC facility.
Record Doc. No. 1, Complaint, at p. 2.

By notice dated July 2, 2013, Record Doc. No. 1, pp. 4-5, the Clerk of Court
instructed Estes that he must complete the form petition and either pay a filing fee or
submit a pauper application.  The Clerk of Court mailed this notice to plaintiff at the
address he provided on the complaint.  This notice was not returned in the mail, and no
response was received.  The matter remained dormant.

By a second notice dated May 30, 2014, Record Doc. No. 2, the Clerk of Court
advised Estes that he must complete the form petition for filing Section 1983 complaints
and submit a filing fee or completed pauper application within 21 days of the date of the
notice.  The record indicates that the Clerk mailed this notice to plaintiff at the address

he provided on the complaint. This notice was returned to the court marked as undeliverable.  Record Doc. Nos. 3, 4.

Staff of the Clerk of Court then inquired and learned that Estes had been transferred to the Dixon Correctional Institute in Jackson, Louisiana.  The Clerk mailed another notice to plaintiff at his new address on June 17, 2014. That notice was <u>not</u> returned in the mail, and no response from plaintiff has been received. Record Doc. No. 5.

Estes has not himself notified the Clerk or the court that his address has changed. All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Estes has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  <u>Hulsey v. Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989);  <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff is proceeding in this case in proper person, it is apparent that this court must weigh his actions alone

in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."  Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its notices to plaintiff to obtain from him materials and information necessary to prosecute his case.  Plaintiff's failure to respond to the notices clearly reflects a failure on his part to prosecute.  His failures to comply with the court's notices and rules establish a clear record of delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal.  See Torns v. State of Miss. Dept. of Corrections, 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 F. App'x 402, 404-05 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6,

3

8-9 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In addition, the Court should consider that the only relief sought by Estes is a transfer to a DOC facility where he could participate in programs not available to him in St. Charles Parish.  His request for this relief is moot because of his transfer to Dixon Correctional Institute.  Painter v. Whitley, 686 F. Supp. 150 (E.D. La. 1988).

Nevertheless, in an effort to afford this plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report.  Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.  It is suggested to plaintiff that his objection should contain a short summary of the reasons that he failed to comply with the notices of deficiency. It is further suggested that he should also provide the court with the information requested in the notices of deficiency as detailed above.

Estes is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of his suit.  A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff Derrick Estes does not file written objections to these Findings and Recommendation, together with a filing fee or a completed pauper application, his complaint should be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___21st___ day of July, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

**THE CLERK IS DIRECTED**
**TO NOTIFY PLAINTIFF AT:**

(1)     Derrick Estes #420289
        Dixon Correctional Institute
        P. O. Box 788
        Jackson, LA 70748

(2)     Derrick Estes #420289
        Nelson Coleman Correctional Center
        5061 Hwy. 3127
        Killona, LA 70057

(3)     Derrick Estes #450031214751
        Nelson Coleman Correctional Center
        5061 Hwy. 3127
        Killona, LA 70057